**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4379-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

BELAL RAHIM,

     Defendant-Appellant.

_____

Submitted January 3, 2022 – Decided January 10, 2022

Before Judges Vernoia and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. MA-3-2020.

Galantucci & Patuto, attorneys for appellant (S. Emile Lisboa, IV, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following a trial de novo in the Law Division, defendant Belal Rahim was convicted of driving while intoxicated (DWI), N.J.S.A. 39:4-50(a), and the court imposed the penalties for a second DWI conviction under N.J.S.A. 39:4-50(a)(2).[1] The incident occurred on February 10, 2019. On appeal, the sole issue presented by defendant is whether he should have been sentenced under the amended version of N.J.S.A. 39:4-50(a)(2), which became effective December 1, 2019, because he was not convicted and sentenced until January 23, 2020.

In his brief, he contends:

> THE DECEMBER 1, 2019 AMENDMENTS TO THE [DWI] STATUTE SHOULD BE AFFORDED PIPELINE RETROACTIVITY.

After reviewing the record, considering the contentions advanced on appeal and applicable law, we disagree and affirm.

## I.

We derive our facts from defendant's testimony elicited at his plea hearing. The night of February 10, 2019, defendant was driving on the Garden State Parkway in Sayreville when a tire blew out on his Lexus. A single

---

[1] Defendant was previously convicted of a driving while ability impaired offense in the State of New York. Therefore, he was sentenced as a second-time DWI offender.

vehicular accident resulted without injuries. When the police arrived on the scene, they suspected defendant was intoxicated. He was arrested and charged with N.J.S.A. 39:4-50 (DWI); refusal to submit to a breath test, N.J.S.A. 39:4-50.4a; making an unsafe lane change, N.J.S.A. 39:4-88(b); reckless driving, N.J.S.A. 39:4-96; and damaging the property of the New Jersey Turnpike Authority, N.J.A.C. 19:9-1.12.

On January 23, 2020, defendant appeared in the Sayreville Municipal Court and pled guilty to the DWI charge, in exchange for the State's agreement to recommend dismissal of the four other charges. During his plea allocution, defendant testified "he had two beers and two shots" of liquor at a friend's house before the incident, and his operation of the Lexus was "impaired by [his] consumption of those two beers and those two shots."

The municipal court judge accepted the plea and sentenced defendant as a second-time DWI offender. The judge imposed a two-year license suspension to be followed by the use of an ignition-interlock device for one year; a two-day custodial term to be served at an Intoxicated Driver Resource Center; thirty days of community service; and $889 in requisite fines and penalties. The remaining charges were dismissed.

Defendant appealed to the Law Division where the court conducted a trial de novo on the record. On July 24, 2020, the Law Division judge issued an oral decision. Based on the evidence presented, the judge found defendant guilty of DWI and determined it was defendant's second DWI offense. The judge considered defendant's "lengthy driving history in making that determination." In addressing the amended version of N.J.S.A. 39:4-50(a)(2), the judge found:

> The old statute which I said applies in this case requires a two-year license suspension. The new statute which I found inapplicable for a second is one to two years.
>
> So[,] either way, he's going to have to serve a year of a license suspension. I'm going to start that suspension now because he's going to have to serve a year anyway no matter what happens and what I will do is I will allow counsel at the end of that year to reapply for the stay.
>
> He could anyway, but I'm making that clear now he can reapply for the stay if the merits of the retroactivity and prospectively arguments have not been decided by that point.

The judge imposed the same sentence as the municipal court and denied defendant's application to stay the sentence pending appeal. This appeal followed.

4

## II.

Our scope of review is limited to whether the conclusions of the Law Division judge "could reasonably have been reached on sufficient credible evidence present in the record." State v. Johnson, 42 N.J. 146, 162 (1964). We apply the two-judge rule. We do "not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." State v. Robinson, 228 N.J. 138, 148 (2017) (quoting State v. Locurto, 157 N.J. 463, 474 (1999)). Accordingly, this court's "review of the factual and credibility findings of the municipal court and" Law Division judges "is exceedingly narrow." State v. Reece, 222 N.J. 154, 167 (2015) (quoting Locurto, 157 N.J. at 470).

In reviewing a trial judge's conclusions in a non-jury case, substantial deference is given to the trial court's findings of fact. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998) (citing Rova Farms Resort v. Invs. Ins. Co., 65 N.J. 474, 483-84 (1974)). These findings should only be disturbed when there is no doubt they are inconsistent with the relevant, credible evidence presented below, such that a manifest denial of justice would result from their preservation. Id. at 412. We owe no deference to the trial judge's legal conclusions. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

5                                                                      A-4379-19

In challenging his sentence, defendant contends the Law Division judge erred by not sentencing him under the amended version of N.J.S.A. 39:4-50(a)(2), which became effective December 1, 2019, because he was not convicted and sentenced until January 23, 2020. We disagree.

We recently addressed this identical issue in State v. Scudieri, ___ N.J. Super. ___ (App. Div. Nov. 1, 2021) (slip op. at 5-6). In Scudieri, we held:

> When it amended N.J.S.A. 39:4-50.4a, the Legislature clearly stated that the new legislation would become effective over four months after it was signed into law and apply only to the class of defendants who committed offenses on or after December 1, 2019. That decision by the Legislature represented its unequivocal intent to apply the new statute prospectively, and therefore the common law exceptions to the presumption of prospective application do not apply. Further, because the Legislature amended the refusal statute to effectuate its determination that interlock devices served as a greater deterrent to drunk driving than a period of license forfeiture, any ameliorative or curative nature of the statute does not warrant retroactive effect.
>
> [Ibid.]

Consistent with our decision in Scudieri, we reiterate that, "[i]n evaluating whether retroactive application is proper, the savings clause requires a temporal inquiry to determine whether an offense has been 'committed' or penalty 'incurred' prior to the change in the law." Id. at ___ (slip op. at 11).

A-4379-19

On August 23, 2019, the Legislature amended N.J.S.A. 39:4-50 to expand the use of ignition interlock devices and reduce the duration of license forfeiture. Applicable to defendant, the amendment reduced the period of license suspension for second DWI offenders from a range of twelve to twenty-four months, and an ignition interlock device installation from thirty-six months to seventy-two months.

However, the law did not become effective until December 1, 2019, so "[t]he Chief Administrator of the New Jersey Motor Vehicle Commission m[ight] take any anticipatory administrative action in advance of that date as shall be necessary to implement the provisions of this act." L. 2019, c. 248, § 7. In addition, the statute expressly stated it was applicable only to offenses committed after that date. Thus, the Law Division judge sentenced defendant in accordance with the DWI statute as it existed when his offense took place in February 2019.

Our Supreme Court has established "well-settled" principles governing statutory interpretation. See In the Matter of H.D., 241 N.J. 412, 423 (2020). Under these principles, a "[c]ourt's primary goal when interpreting a statute is to determine and carry out the Legislature's intent." In re Kollman, 210 N.J. 557, 568 (2012) (citing Allen v. V & A Bros., 208 N.J. 114, 127 (2011)). This

process begins with the statutory language. Ibid. "[Courts] ascribe to the statutory words their ordinary meaning and significance and read them in context with related provisions so as to give sense to the legislation as a whole." DiProspero v. Penn, 183 N.J. 477, 492 (2005) (citations omitted). If the plain language "is clear, the court's task is complete." N.J. Ass'n of Sch. Adm'rs v. Schundler, 211 N.J. 535, 549 (2012) (citing In re Young, 202 N.J. 50, 63 (2010)). Under the plain language of the statute, because the offense of which defendant was convicted occurred in February 2019, he was not entitled to the benefit of the amended law.

We find no ambiguity in the amendment's plain language. It expressly provides that its application is limited to "offense[s] occurring on or after" December 1, 2019. L. 2019, c. 248, § 7. Defendant committed the DWI and other offenses on February 10, 2019, and he was charged in a summons with committing a DWI and other offenses occurring on that date. Defendant's claim that the amendment to the DWI statute is ambiguous because there is a question as to whether it applies to the date the act was committed; the date on which the charge is filed; or the date on which a conviction is adjudicated ignores the statute's plain language and is untethered to any legal authority.

We apply the statute's plain language and find defendant's offense occurred on February 10, 2019, as he was operating his vehicle. The court correctly rejected defendant's claim he should be sentenced under the amended statute because the amendment does not apply to offenses, like defendant's, that occurred prior to December 1, 2019. Scudieri, ___ N.J. Super. at ___ (slip op. at 5-6).

Any remaining arguments made on defendant's behalf we have not expressly addressed are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9                                                                    A-4379-19